Reese, J.
delivered the opinion of the court.
Bullard declared against Lewis, in debt, on a penal bond, *208 for the sum of $250, made by one Barnett Hicldand, not sued, and said Lewis. The latter in his plea craved oyer of the condition of the said bond, which was that said Hicldand should with effect prosecute an action on the case by him-commenced against said Bullard in the circuit court of Claiborne county, or on failure that he would pay and satisfy all costs that might be adjudged in that behalf; and thereupon he pleaded performance of said condition. The plaintiff replied, and assigned as breaches of the condition that said Hicldand had not prosecuted his suit with efíect, and had failed to pay the costs to the amount oí one hundred dollars adjudged against him, and concluded with a verification. The defendant rejoined that he had well and truly satisfied and paid to the plaintiff the costs adjudged against said Hicldand, and upon this, issue was joined. Upon this state of the pleadings, if no testimony had been produced by either party, the plaintiff below would have been entitled to nominal damages. There was a verdict, however, that the defendant had not. paid the costs of the suit in the pleadings mentioned, and finding that those costs amounted to the sum of $78 68-£. Anew trial was asked for and refused, and judgment given for the amount of the verdict.
A bill of exceptions in the case states that no testimony whatever, on either side, was produced, except a paper therein set forth, purporting to be an execution issued from the circuit court of Claiborne county, to the sheriff of that county against Barnett Hicldand, at the suit of John Bullard, for the sum of $78 68J, for costs by the latter recovered of the former, on which the sheriff returned nulla Iona. This paper was objected to when offered by the plaintiff as evidence in this suit — ■ but was admitted by the court and read to the jury, and the only question here is, was the admission of this testimony erroneous. We think it was. The execution of itself did not show the liability of the defendant. It did not establish that it was the final process in the case in which defendant had become prosecution bail for Hicldand. The entire record of that suit should have been produced, so as to have shown that the prosecution bond and the execution were each part and parcel of the same suit. We regret the necessity of reversing *209 this judgment, as we can more than conjecture that the bond and the execution relate to the same legal’ proceedings — and are connected together. But it is important to adhere to the well settled principles of evidence adopted and enforced for the attainment of truth and certainty, in judicial investigations. Let the judgment be reversed and the cause be remanded for a n'ew trial.